**UNITED STATES DISTRICT COURT FOR THE NOTHERN DISTRICT OF ILLLINOIS, EASTERN DIVISION**

PETER LARMON, as Independent
Administrator of the Estate of JULIE
BONGIOVANNI. deceased,

        Plaintiff,

v.

PLANET FITNESS FRANCHISING, LLC.
and EPIC FITNESS GROUP, LLC, and ADAM
DWYER, individually and as Agent of PLANET
FITNESS

        Defendants.

Case No.: 1:25-CV-05049

Hon. Elaine E. Bucklo

**AMENDED COMPLAINT AT LAW**

Now Comes the Plaintiff, PETER LARMON, as Independent Administrator of the Estate of

JULIE BONGIOVANNI, deceased, by and through his attorneys, McGowen & McGowen, P.C.,

and for his Amended Complaint against the Defendants, PLANET FITNESS FRANCHISING,

LLC, EPIC FITNESS GROUP, LLC, (hereinafter "PLANET FITNESS"), and ADAM DWYER,

individually and as agent of PLANET FITNESS, states as follows:

**<u>COUNT I - SURVIVAL ACTION – PLANET FITNESS</u>**

    1.      On or about September 23, 2024, JULIE BONGGIOVANNI, resided in Wheaton,

County of DuPage, Illinois.

    2.      On or about September 23, 2024, EPIC FITNESS GROUP, LLC, was a Michigan,

limited liability company, doing business throughout the Chicagoland area including Cook County,

with its Registered Agent located in Springfield, Illinois.

    3.      On or about September 23, 2024, PLANET FITNESS FRANCHISING, LLC, was a

New Hampshire limited liability company, doing business throughout the Chicagoland area including Cook County, with its Registered Agent located in Springfield, Illinois.

4. On or about September 23, 2024, ADAM DWYER, an Illinois resident, was an individual residing in Yorkville, State of Illinois.

5. On September 23, 2024, PLANET FITNESS owned, operated, managed, maintained and controlled a fitness center located at 1780 S. Blanchard Street, Wheaton, IL 60189.

6. At all times relevant, the aforesaid PLANET FITNESS facility was a "physical fitness facility" within the meaning of the Illinois Physical Fitness Facility Medical Emergency Preparedness Act 210 ILCS 74/1 *et.* seq. (hereinafter referred to as the "PFFMEPA").

7. At all times relevant, PLANET FITNESS knew that life-threatening medical events were likely to occur to patrons at the facility due to it being an exercise facility.

8. At all times relevant, PLANET FITNESS was required to have a "MEDICAL EMERGENCY PLAN" "for responding to a medical emergency at the facility" in "a timely, proper response to the occurrence of any sudden, serious, and unexpected sickness or injury that would lead a reasonable person" …" to believe that the sick or injured person requires urgent or unscheduled medical care". 210 ILCS 74/10.

9. At all times relevant, PLANET FITNESS was required to have the requisite "MEDICAL EMERGENCY PLAN" be in compliance with 210 ILCS 74/1 et seq. and file said "MEDICAL EMERGENCY PLAN" with the Illinois Department of Public Health.

10. At all times relevant, pursuant to the training required of properly and adequately trained AED operators, it's MEDICAL EMERGENCY PLAN and the PFFMEPA, PLANET FITNESS was required to assess unconscious patrons for signs of breathing impulse and circulation.

11. At all times, relevant, pursuant to the training required of properly and adequately

trained AED operators, it's MEDICAL EMERGENCY PLAN and the PFFMEPA, PLANET FITNESS was required to assess unconscious patrons for use of an AED.

12.     At all times relevant, pursuant to the training required of properly and adequately trained AED operators, its MEDICAL EMERGENCY PLAN and the PFFMEPA, PLANET FITNESS was required to attach AED pads on an unconscious patron with no breathing and no pulse or signs of circulation following the visual and voice prompts on AED.

13.     At all times, relevant, PLANET FITNESS had video surveillance of its premises, available to its employees and agents to timely assess whether a patient was unconscious.

14.     On September 23, 2024, JULIE BONGIOVANNI, was a patron of PLANET FITNESS' facility located at 1780 S. Blanchard Street, Wheaton, IL 60189.

15.     At said time and place, JULIE BONGGIOVANNI collapsed, stopped breathing and lost her pulse and circulation out in the open and public area of the facility.

16.     At said time in place, the above medical event happening to JULIE BONGIOVANNI went undetected by PLANET FITNESS employees for over 34 minutes.

17.     Eventually, other PLANET FITNESS patrons unsuccessfully began to attempt or administer CPR to JULIE BONGIOVANNI and attempt to use the AED device on PLANET FITNESS' facilities.

18.     A timely applied AED device diagnoses ventricular fibrillation and treats it through defibrillation via application of electrical therapy

19.     Uncorrected ventricular fibrillation leads to cardiac arrest and anoxic brain injury due to lack of oxygenated blood supply.

20.     At all times, relevant, JULIE BONGIOVANNI was experiencing ventricular fibrillation, which was the type of heart dysfunction that the AED treats.

21.    It takes less than one minute to apply AED treatment to a person.

22.    PLANET FITNESS failed to apply the AED and JULIE BONGIOVANNI for over 34 minutes.

23.    PLANET FITNESS, individually, and through its agents and employees violated the training required of properly and adequately trained AED operators, violated its MEDICAL EMERGENCY PLAN, if it had one, violated the PFFMEPA and acted willfully, wantonly, and with utter disregard and indifference for the safety of Julie Bongiovanni, in one or more of the following ways:

        a.    Failed to have properly and adequately trained staff on the promises and violation of its MEDICAL EMERGENCY PLAN and the PFFMEPA;

        b.    Failed to assess JULIE BONGIOVANNI for breathing in violation of AED operator training the MEDICAL EMERGENCY PLAN and the PFFMEPA;

        c.    Refused to follow its MEDICAL EMERGENCY PLAN;

        d.    Refused to comply with the requirements of the PFFMEPA;

        e.    Refused to follow AED training and certification;

        f.    Failed to monitor its video surveillance system to determine whether or not a patron became unconscious; and

        g.    Failed to properly staff enough trained employees to timely surveil the premises for patrons in distress or medical emergencies.

24.    As a result of one or more of these willful and wanting acts of conscious indifference and utter disregard for the safety of JULIE BONGIOVANNI, the Plaintiff's decedent, JULIE BONGOVANNI, was injured and suffered damages of a personal and pecuniary nature, including conscious pain and suffering, and had she survived, she would have been entitled to continue an

action for such conscious pain and suffering, and said cause of action has survived her death of September 23, 2024, pursuant to the Survival Statute, 755 ILCS 5/27-6.

25.     Had PLANET FITNESS connected the AED device to JULIE BONGIOVANNI as required in a timely fashion, The device could have advised "SHOCK" or other language to the same effect and following the prompts once engaged would have delivered the electrical therapy, restored cardiac function and oxygenated blood to her brain.

26.     The failure of PLANET FITNESS to timely apply the AED to JULIE BONGIOVANNI caused her death.

27.     The Plaintiff, PETER LARMON, is the duly appointed Independent Administrator of the estate of JULIE BONGIOVANNI, deceased, pursuant to 740 ILCS 180/2.1, and he brings this action in that capacity.

WHERFORE, the plaintiff, PETER LARMON, as Independent Administrator of the Estate of JUILE BONGIOVANNI, deceased, demands judgment against defendant, PLANET FITNESS for a sum in excess of $ 75,000.00.

## COUNT II -WRONGFUL DEATH – PLANET FITNESS

The Plaintiff, PETER LARMON, as Independent Administrator of the Estate of JULIE BONGIOVANNI, deceased, repeats and realleges paragraphs 1 through 26 of Count I of his Complaint at Law as paragraphs 1 through 26 of Count II of his Complaint at Law as though fully set forth herein.

27.     As a direct and proximate result of the foregoing negligent acts and omissions of the Defendant, PLANET FITNESS, the Plaintiff's decedent, JULIE BONGIOVANNI, suffered injuries which caused her death on September 23, 2024.

28.     Plaintiff's decedent, JULIE BONGIOVANNI, left surviving her husband, PETER LARMON, and three adult daughters, JACQUELINE FREEZE, GINGER JACOB and HEIDI JACOB, who suffered pecuniary loss and the loss of her society and companionship as the direct and proximate result of her death.

29.     PETER LARMON is the duly appointed Independent Administrator of the Estate of JULIE BONGIOVANNI, deceased, by virtue of an Order of the Court of DuPage County, Illinois, appointing him as Independent Administrator pursuant to the provisions of 740 ILCS 180/2.1, and he brings this action in that capacity.

WHERFORE, the plaintiff, PETER LARMON, as Independent Administrator of the Estate of JUILE BONGIOVANNI, deceased, demands judgment against defendant, PLANET FITNESS for a sum in excess of $ 75,000.00.

## COUNT III - SURVIVAL ACTION – ADAM DWYER, Individually and as Agent of PLANET FITNESS

1.     On or about September 23, 2024, JULIE BONGGIOVANNI, resided in Wheaton, County of DuPage, Illinois.

2.     On or about September 23, 2024, EPIC FITNESS GROUP, LLC, was a Michigan, limited liability company, doing business throughout the Chicagoland area including Cook County, with its Registered Agent located in Springfield, Illinois.

3.     On or about September 23, 2024, PLANET FITNESS FRANCHISING, LLC, was a New Hampshire limited liability company, doing business throughout the Chicagoland area including Cook County, with its Registered Agent located in Springfield, Illinois.

4.     On or about September 23, 2024, ADAM DWYER, an Illinois resident, was an individual residing in Yorkville, State of Illinois.

5.      On September 23, 2024, PLANET FITNESS owned, operated, managed, maintained and controlled a fitness center located at 1780 S. Blanchard Street, Wheaton, IL 60189.

6.      On or about September 23, 2024, ADAM DWYER, was an agent, employee and/or servant of PLANET FITNESS working at 1780 S. Blanchard Street, Wheaton, IL 60189.

7.      At all times relevant, the aforesaid PLANET FITNESS facility was a "physical fitness facility" within the meaning of the Illinois Physical Fitness Facility Medical Emergency Preparedness Act 210 ILCS 74/1 *et.* seq. (hereinafter referred to as the "PFFMEPA").

8.      At all times relevant, ADAM DWYER, individually and as agent of PLANET FITNESS, knew that life-threatening medical events were likely to occur to patrons at the facility due to it being an exercise facility.

9.      At all times relevant, ADAM DWYER, individually and as agent of PLANET FITNESS knew that PLANET FITNESS was required to have a "MEDICAL EMERGENCY PLAN" "for responding to a medical emergency at the facility" in "a timely, proper response to the occurrence of any sudden, serious, and unexpected sickness or injury that would lead a reasonable person" …" to believe that the sick or injured person requires urgent or unscheduled medical care". 210 ILCS 74/10.

10.     At all times relevant, ADAM DWYER, individually and as agent of PLANET FITNESS, knew PLANET FITNESS was required to have the requisite "MEDICAL EMERGENCY PLAN" be in compliance with 210 ILCS 74/1 et seq. and file said "MEDICAL EMERGENCY PLAN" with the Illinois Department of Public Health.

11.      At all times relevant, pursuant to the training required of properly and adequately

trained AED operators, it's MEDICAL EMERGENCY PLAN and the PFFMEPA, ADAM

DWYER, individually and as agent of PLANET FITNESS, knew PLANET FITNESS was

required to assess unconscious patrons for signs of breathing impulse and circulation.

12.     At all times, relevant, pursuant to the training required of properly and adequately

trained AED operators, it's MEDICAL EMERGENCY PLAN and the PFFMEPA, ADAM

DWYER, individually and as agent of PLANET FITNESS, knew PLANET FITNESS was

required to assess unconscious patrons for use of an AED.

13.     At all times relevant, pursuant to the training required of properly and adequately

trained AED operators, its MEDICAL EMERGENCY PLAN and the PFFMEPA, ADAM

DWYER, individually and as agent of PLANET FITNESS, knew PLANET FITNESS was

required to attach AED pads on an unconscious patron with no breathing and no pulse or signs of

circulation following the visual and voice prompts on AED.

14.     At all times, relevant, PLANET FITNESS had video surveillance of its premises,

available to its employees and agents including ADAM DWYER, to timely assess whether a patient

was unconscious.

15.     On September 23, 2024, JULIE BONGIOVANNI, was a patron of PLANET

FITNESS' facility located at 1780 S. Blanchard Street, Wheaton, IL 60189.

16.     At said time and place, JULIE BONGGIOVANNI collapsed, stopped breathing and

lost her pulse and circulation out in the open and public area of the facility.

17.     At said time in place, the above medical event happening to JULIE BONGIOVANNI

went undetected by PLANET FITNESS employees including ADAM DWYER, for over 34

minutes.

18.     Eventually, other PLANET FITNESS patrons unsuccessfully began to attempt or

administer CPR to JULIE BONGIOVANNI and attempt to use the AED device on PLANET

FITNESS' facilities.

19.     A timely applied AED device diagnoses ventricular fibrillation and treats it through

defibrillation via application of electrical therapy

20.     Uncorrected ventricular fibrillation leads to cardiac arrest and anoxic brain injury

due to lack of oxygenated blood supply.

21.     At all times, relevant, JULIE BONGIOVANNI was experiencing ventricular

fibrillation, which was the type of heart dysfunction that the AED treats.

22.     It takes less than one minute to apply AED treatment to a person.

23.     PLANET FITNESS, and ADAM DWYER, failed to apply the AED and JULIE

BONGIOVANNI for over 34 minutes.

24.     ADAM DWYER, individually and as agent of PLANET FITNESS, violated the

training required of properly and adequately trained AED operators, violated PLANET FITNESS

MEDICAL EMERGENCY PLAN, if it had one, violated the PFFMEPA and acted willfully,

wantonly, and with utter disregard and indifference for the safety of Julie Bongiovanni, in one or

more of the following ways:

> a.     Failed to have properly and adequately followed training in violation of
>         PLANET FITNESS's  MEDICAL EMERGENCY PLAN and the PFFMEPA;
>
> b.     Failed to assess JULIE BONGIOVANNI for breathing in violation of AED
>         operator training the MEDICAL EMERGENCY PLAN and the PFFMEPA;
>
> c.     Refused to follow PLANET FITNESS's MEDICAL EMERGENCY PLAN;
>
> d.     Refused to comply with the requirements of the PFFMEPA;
>
> e.     Refused to follow AED training and certification;

9

f.     Failed to monitor PLANET FITNESS's video surveillance system to determine whether or not a patron became unconscious; and

g.     Failed to alert PLANET FITNESS that it had not properly staffed enough trained employees to timely surveil the premises for patrons in distress or medical emergencies.

25.     As a result of one or more of these willful and wanting acts of conscious indifference and utter disregard for the safety of JULIE BONGIOVANNI, the Plaintiff's decedent, JULIE BONGOVANNI, was injured and suffered damages of a personal and pecuniary nature, including conscious pain and suffering, and had she survived, she would have been entitled to continue an action for such conscious pain and suffering, and said cause of action has survived her death of September 23, 2024, pursuant to the Survival Statute, 755 ILCS 5/27-6.

26.     Had ADAM DWYER, individually and as agent of PLANET FITNESS, connected the AED device to JULIE BONGIOVANNI as required in a timely fashion, the device could have advised "SHOCK" or other language to the same effect and following the prompts once engaged would have delivered the electrical therapy, restored cardiac function and oxygenated blood to her brain.

27.     The failure of ADAM DWYER, individually and as agent of PLANET FITNESS to timely apply the AED to JULIE BONGIOVANNI caused her death.

28.     The Plaintiff, PETER LARMON, is the duly appointed Independent Administrator of the estate of JULIE BONGIOVANNI, deceased, pursuant to 740 ILCS 180/2.1, and he brings this action in that capacity.

WHERFORE, the plaintiff, PETER LARMON, as Independent Administrator of the Estate of JUILE BONGIOVANNI, deceased, demands judgment against defendant, ADAM DWYER, individually and as agent of PLANET FITNESS, for a sum in excess of $ 75,000.00.

## COUNT IV -WRONGFUL DEATH – ADAM DWYER, individually and as agent of PLANET FITNESS

The Plaintiff, PETER LARMON, as Independent Administrator of the Estate of JULIE BONGIOVANNI, deceased, repeats and realleges paragraphs 1 through 27 of Count III of his Complaint at Law as paragraphs 1 through 27 of Count IV of his Complaint at Law as though fully set forth herein.

28.     As a direct and proximate result of the foregoing negligent acts and omissions of the Defendant,  ADAM DWYER, individually and as agent of PLANET FITNESS, the Plaintiff's decedent, JULIE BONGIOVANNI, suffered injuries which caused her death on September 23, 2024.

29.     Plaintiff's decedent, JULIE BONGIOVANNI, left surviving her husband, PETER LARMON, and three adult daughters, JACQUELINE FREEZE, GINGER JACOB and HEIDI JACOB, who suffered pecuniary loss and the loss of her society and companionship as the direct and proximate result of her death.

30.     PETER LARMON is the duly appointed Independent Administrator of the Estate of JULIE BONGIOVANNI, deceased, by virtue of an Order of the Court of DuPage County, Illinois, appointing him as Independent Administrator pursuant to the provisions of 740 ILCS 180/2.1, and he brings this action in that capacity.

WHERFORE, the plaintiff, PETER LARMON, as Independent Administrator of the Estate of JUILE BONGIOVANNI, deceased, demands judgment against defendant, ADAM DWYER, individually and as agent of PLANET FITNESS, for a sum in excess of $ 75,000.00.

Respectfully submitted,

By: /s/ William P. McGowen

One of Plaintiff's Attorneys

McGowen & McGowen, P.C.
Attorney for Plaintiff
1751 S. Naperville Road, # 101
Wheaton, IL Road,.719.2120
william@mcgowenlaw.com

## AFFIDAVIT OF DAMAGES
## SUPREME COURT RULE 222

   Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned attorney certifies that the total of money damages sought by this action exceeds $50,000.


       By:  /s/ William P. McGowen
          Attorney for Plaintiff


McGowen & McGowen, P.C.
1751 S. Naperville Road, # 101
Wheaton, IL 60189
Atty No.: 39188
312.719.2120
william@mcgowenlaw.com