```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION


Peter Larmon, as Independent    )
Administrator of the Estate of  )
Julie Bongiovanni, deceased,    )
                                )
          Plaintiff,            )
                                )
                                )
     v.                         )   No. 25 C 5049
                                )
                                )
Planet Fitness Franchising,     )
LLC and Epic Fitness Group,     )
LLC, and Adam Dwyer,            )
individually and as Agent of    )
Planet Fitness,                 )
                                )
          Defendants.           )
```

Memorandum Opinion and Order

On September 23, 2024, Julie Bongiovanni went to Planet Fitness, a physical fitness facility, in Wheaton, Illinois. There, she collapsed, stopped breathing, and lost her pulse. This medical event allegedly went undetected for over 34 minutes until other fitness center patrons attempted to administer CPR and use an AED device. Bongiovanni tragically died. Peter Larmon, Bongiovanni's surviving husband, sued Planet Fitness Franchising, LLC and Epic Fitness Group, LLC, in Illinois state court, bringing tort claims.

Planet Fitness and Epic Fitness removed the case to this court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). After removal, Larmon filed an amended complaint, adding Adam Dwyer

as a defendant.[1] In the proposed amended complaint, Larmon alleges that Dwyer was a Planet Fitness employee, though he does not specify his title. Larmon further alleges that Dwyer failed to detect the medical emergency Bongiovanni experienced and failed to assist her, despite his training, knowledge of Planet Fitness policies, and access to a video surveillance system. The claims against Dwyer in the proposed amended complaint include a survival action and wrongful death claim based on Dwyer's alleged negligence and willful and wanton conduct.

Larmon maintains that because Dwyer is an Illinois citizen,[2] his presence the case destroys complete diversity of the parties, stripping federal courts of jurisdiction.[3] On this basis, he moves

---

[1] I will refer to the filed amended complaint as the "proposed amended complaint" because, as explained below, Larmon must satisfy 28 U.S.C. § 1447(e) to join a non-diverse defendant after removal. In other words, he has not yet obtained the permission required to amend the complaint.

[2] The proposed amended complaint alleges only that Dwyer is an Illinois "resident." "But residence may or may not demonstrate citizenship, which depends on domicile--that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." *Heinen v. Northrup Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (citations omitted). Accordingly, I requested that the parties clarify Dwyer's citizenship, and they have filed a stipulation to the effect that Dwyer is domiciled in Illinois, and therefore an Illinois citizen. *See* ECF 24.

[3] Planet Fitness and Epic Fitness, as LLCs, derive their citizenships from the citizenships of their members. *See Cosgrove v. Barotlotta*, 150 F.3d 729, 731 (7th Cir. 1998). In their notice of removal, these defendants trace their citizenships according to that rule. *See* Notice of Removal, ECF 1 ¶¶ 15-16 (Epic Fitness is

to remand. Rather than filing a reply brief in support of his remand motion, Larmon filed a motion to join Dwyer as a non-diverse defendant, which Planet Fitness and Epic Fitness have responded to. Both motions are denied.

I.

Whether Larmon may join Dwyer as an additional defendant is an inquiry guided by 28 U.S.C. § 1447(e). That provision states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id.* While as a technical matter, Larmon should have moved to join Dwyer in the first place, rather than simply filing an amended complaint and moving to remand--something Larmon acknowledges--any misstep on this front can be considered among the factors courts apply under § 1447(e). Namely, courts consider: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009).

---

a citizen of New Hampshire and Michigan; Planet Fitness is a citizen of Delaware, New Hampshire, Pennsylvania, and California).

3

The first factor is defendants' primary focus. In their view, Larmon's sole purpose in seeking to join Dwyer is to defeat federal jurisdiction, an argument they develop through the fraudulent joinder doctrine.[4] Without Dwyer, there is complete diversity because Larmon is an Illinois citizen; Planet Fitness is a citizen of Delaware, New Hampshire, Pennsylvania, and California for purposes of diversity jurisdiction; and Epic Fitness is a citizen of New Hampshire and Michigan for such purposes. *See* Notice of Removal, ECF 1 ¶¶ 15-16 (identifying citizenship of each member of each LLC).

Fraudulent joinder is "difficult to establish" and imposes on the defendant a "heavy burden" to demonstrate it applies. *Schur*, 577 F.3d at 764 (citations and internal quotation marks omitted). While the term "fraudulent joinder" might suggest otherwise, there is no requirement that defendants demonstrate "fraud," though that showing would be sufficient. *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011). Defendants may prevail by showing that "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th

---

[4] As the court in *Schur* explained, the fraudulent joinder doctrine arguably only applies where a defendant in a removed case asks the court to disregard a non-diverse defendant who is already named in the removed complaint. 577 F.3d at 763. Nonetheless, it is a relevant factor in the test applied in the context of joining a non-diverse defendant post-removal. *See id.* at 764.

Cir. 1992) (emphasis in original) (citation omitted). That is, defendants must show Larmon has no "reasonable possibility of success" against Dwyer, *Schur*, 577 F.3d at 764, or that the claim against Dwyer is "utterly groundless," *Walton*, 643 F.3d at 999.

Whether Larmon has any reasonable possibility of success against Dwyer depends on Illinois state law. *See Schur*, 577 F.3d at 764. Larmon's complaint sounds in negligence, an element of which is a duty owed by the defendant to the plaintiff. *See Johnson v. Armstrong*, 211 N.E.3d 355, 371 (Ill. 2022). Under Illinois law of agency, duties Planet Fitness and Epic Fitness may have owed to patrons like Bongiovanni cannot be imputed to Dwyer as their agent. *See Imber v. Home Depot USA, Inc.*, No. 17 CV 7777, 2018 WL 5977923, at *2 (N.D. Ill. Nov. 14, 2018). Similarly, Dwyer cannot be held independently liable for breaching a duty he owed solely to Planet Fitness and Epic Fitness. *See id.*

## II.

The proposed amended complaint fails to provide sufficient detail to make it reasonably possible that Dwyer could be held liable. For instance, it is silent on Dwyer's role and does not allege whether he was working on the day of the incident. Nor, as explained below, does the proposed amended complaint supply enough to infer that Dwyer had a duty to Bongiovanni.

Whether such a duty exists is a question of law that depends on "whether the risk of harm was reasonably foreseeable." *Schur*,

5

577 F.3d at 766 Where an alleged tortfeasor was acting in the course of his employment, "courts consider whether a plaintiff has sufficiently alleged that the defendant employee is an 'active tortfeasor,'" which is someone who "'caused the incident or actively contributed to the act which caused the incident.'" *Sandling v. Urb. Air Trampoline & Adventure Park*, No. 1:24-cv-8077, 2025 WL 1282730, at *6 (N.D. Ill. May 2, 2025) (quoting *Snyder v. Wal-Mart Stores, Inc.*, No. 18 C 583, 2018 WL 1586246, at *6 (N.D. Ill. Apr. 2, 2018)) (citing *Likens v. Menard, Inc.*, No. 15 C 2959, 2015 WL 3961635, at *3 (N.D. Ill. June 26, 2015)).

Some of the proposed amended complaint's allegations concern Dwyer's knowledge of Planet Fitness's duties. *See, e.g.*, Proposed Am. Compl. Count III ¶ 9 (alleging Dwyer "knew that Planet Fitness was required to have a 'Medical Emergency Plan'"); *id.* ¶ 10 (similar); *id.* ¶ 11 (alleging Dwyer "knew Planet Fitness was required to assess unconscious patrons for signs of breathing impulse [sic] and circulation"); *id.* ¶¶ 12-13 (similar).[5] Dwyer's awareness of duties Planet Fitness owed others, however, is insufficient as explained above.

---

[5] The proposed amended complaint restarts paragraph numbering under each count. Only Counts III and IV are at issue here, and Count IV incorporates by reference most of Count III's allegations. Accordingly, citations in this order to paragraphs from the proposed amended complaint refer to those paragraphs under Count III.

The proposed amended complaint asserts Dwyer failed to follow AED and other training or Planet Fitness's Medical Emergency Plan, failed to assess Bongiovanni, failed to monitor the video surveillance system, failed to alert Planet Fitness it had insufficient staff, and "[r]efused to comply with the requirements of" Illinois state law. *Id.* ¶ 24. But none of these alleged failures to act suggest Dwyer caused or "actively contributed to" Bongiovanni's medical emergency. They are accordingly insufficient to count Dwyer as an "active tortfeasor," as is required to join him in this case. *See Brady v. Menard, Inc.*, No. 16-CV-07509, 2017 WL 201375, at *2 (N.D. Ill. Jan. 18, 2017) ("Some allegations, such as the failure to maintain the premises in a reasonably safe condition or the failure to provide adequate rules or protocols, clearly could not generate liability for individual employees. However, others, such as the failure to properly stack the wood or tie down the product, could present individual liability for the negligently stacking or tying employee." (citation omitted)); *Roh v. Starbucks Corp.*, No. 13 C 8865, 2015 WL 232374, at *1 (N.D. Ill. Jan. 14, 2015) (allegation that employee "was responsible for overseeing the safety, maintenance, and operations of the area" where plaintiff's son was injured insufficient to make employee an "active tortfeasor").

7

III.

Accordingly, Larmon does not have a reasonable possibility of success on his claims against Dwyer, which leads me to conclude that his presence in the case would only serve to defeat jurisdiction. None of the other factors overcome that one in this case. Larmon's motion to join Dwyer as a non-diverse defendant is denied. Without Dwyer, the basis for Larmon's motion to remand--lack of complete diversity--evaporates, so that motion is denied as well.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: September 24, 2025